IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROCKWOOL INTERNATIONAL A/S                                          PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:14CV185-B-V

ROCK WOOL MANUFACTURING COMPANY                                    DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court on the defendant's motion to dismiss for lack of
subject matter jurisdiction, for lack of personal jurisdiction, and for failure to state a claim and
the plaintiff's motion for hearing and for jurisdictional discovery on the personal jurisdiction
issue. Upon due consideration of the motions, responses, and supporting and opposing authority,
the court is ready to rule.

Factual and Procedural Background

The plaintiff, Rockwool International A/S ("Rockwool"), is a Denmark corporation and
allegedly the world's largest manufacturer of mineral wool insulation products, which it markets
under the eponymous term ROCKWOOL. The plaintiff asserts that its group of companies
operates thirty-five factories in a total of eighteen countries with sales points in more than forty
countries and sales and deliveries of Rockwool brand products to more than one hundred thirty
countries, including the United States, where it is currently expanding its business. The plaintiff
has recently opened a factory in Marshall County, Mississippi, in an effort to meet a growing
demand for its products in the United States and Mexico.

The defendant, Rock Wool Manufacturing Company ("RMC"), an Alabama corporation,
is also a producer of mineral wool insulation products for use in various commercial and
industrial applications. The two companies have coexisted for over eleven years without

incident, but due to its expansion efforts, the plaintiff asserts that it reached out to the defendant and initiated negotiations to avoid unnecessary potential conflicts related to the use of the Rockwool brand name and mark.  The plaintiff notes that the defendant has historically marketed its product under the brand name DELTA.  The plaintiff alleges that RMC ultimately rejected negotiation attempts and on two occasions, RMC's response to Rockwool's efforts was to go to the United States Patent and Trademark Office seeking trademark registrations for RMC's corporate name and the term ROCK WOOL and ROCK WOOL DELTA.  Rockwool interpreted these actions as indicative of the fact "that any effort on its part to expand its use of the Rockwool brand name and trademark in the United States is likely to be met with unjustified claims of trademark infringement by RMC."

The plaintiff therefore filed this action seeking a declaration that RMC does not have any recognizable trademark rights in the term at issue and that its own use of the Rockwool brand name and trademark on insulation products does not infringe any rights of RMC, as well as a declaration that RMC is barred by the doctrine of laches from pursuing any claims of trademark infringement against Rockwool.  After being served with the complaint, the defendant abandoned its application for the ROCK WOOL mark and disclaimed exclusive rights to the term "ROCK WOOL" in its application for the ROCK WOOL DELTA mark.  The defendant then filed this motion to dismiss for lack of subject matter jurisdiction on the ground that there is no justiciable controversy warranting the court's exercise of subject matter jurisdiction over this action and for lack of personal jurisdiction on the ground that the defendant has no contacts with Mississippi sufficient to confer personal jurisdiction over it in this forum.  The defendant further

asserts that the plaintiff's laches claim should be dismissed under Rule 12(b)(6) for failure to state a claim.

Standard of Review

The party asserting jurisdiction, here the plaintiff, carries the burden of proving subject matter jurisdiction by a preponderance of the evidence in order to survive a Rule 12(b)(1) motion to dismiss. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir.2001). A Rule 12(b)(1) motion filed in conjunction with other Rule 12 motions takes precedence, as the court must consider a jurisdictional attack before addressing the merits to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Analysis

It is axiomatic that "a declaratory judgment action, like any other action, must be ripe in order to be justiciable." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). The Declaratory Judgment Act, like Article III of the Constitution, requires the existence of an "actual controversy" before a declaratory judgment action is ripe for adjudication. *Id.* (citing 28 U.S.C. § 2201(a)); *State of Tex. v. West Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989) (noting "that

the case or controversy requirement of Article III of the United States Constitution is identical to the actual controversy requirement under the Declaratory Judgment Act."). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Orix*, 212 F.3d at 896 (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *New Orleans Public Service, Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987).

In the instant case, the court finds that the dispute the plaintiff alleges would be abstract or hypothetical even if the defendant had not abandoned its application to the United States Patent and Trademark Office. The fact that the defendant has abandoned its application places this case solidly within the abstract or hypothetical realm. The defendant has neither threatened litigation against the plaintiff or demanded a royalty from the plaintiff for its use of the term at issue. Further, as the defendant notes, before the defendant could even assert trademark rights or claims of infringement against the plaintiff, the USPTO would have to grant the defendant a registration of its trademark applications. This has not happened and cannot happen with any immediacy since the defendant withdrew one application and disclaimed exclusive rights to the term at issue in the other. Any potential, theoretical controversy between the parties is, at least at this time, neither substantial nor of sufficient immediacy and reality to be classified as an "actual controversy." Indeed, the court finds that the defendant's abandonment of its trademark application and its disclaimer of exclusive rights to the term at issue render this matter moot. Because no actual controversy exists between the parties to this action, the court lacks subject matter jurisdiction and must dismiss the case accordingly.

As the court is devoid of subject matter jurisdiction in this case, it is inappropriate and unnecessary for it to consider the defendant's motions to dismiss for lack of personal jurisdiction and for failure to state a claim. Further, the plaintiff's motion for a hearing and for jurisdictional discovery on the personal jurisdiction issue is rendered moot by the court's ruling and will be denied as such.

Conclusion

For the foregoing reasons, the court finds that the defendant's motion to dismiss for lack of subject matter jurisdiction is well taken and should be granted. The court further finds that the plaintiff's motion for a hearing and for jurisdictional discovery on the personal jurisdiction issue should be denied as moot. A separate order in accord with this opinion shall issue this day.

This, the 17th day of September, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**